# Crooks *v.* McMichael, Appellant.

*Real estate—Adverse possession—Deeds—Estoppel.*

Where a person has fenced in a triangular strip of land adjoining his own land, and has acquired title thereto by adverse possession for the statutory period, he will not be estopped from asserting such title because in a deed for coal executed after he had acquired title by adverse possession, he had not included the coal under the triangular strip, but had inadvertently followed lines in old deeds.

Argued Oct. 20, 1910.    Appeal, No. 87, Oct. T., 1910, by defendant, from judgment of C. P. No. 2, Allegheny County, Jan. T., 1907, No. 1004, on verdict for plaintiff in case of Andrew W. Crooks v. John McMichael.    Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Ejectment for land in North Fayette township.    Before FRAZER, P. J.

At the trial the jury returned a verdict in favor of the plaintiff.

On a motion for a new trial and for judgment non obstante veredicto, FRAZER, P. J., filed the following opinion:

From the testimony it appeared that plaintiff and defendant are the owners of farms in North Fayette township, adjoining the Steubenville pike.    According to old deeds the division line between the two farms crossed the pike at an angle, leaving a small triangular piece of land at each end of the farms, one of which triangles is on the north side of the pike and originally was a part of the McMichael farm.    The other triangle is on the south side of the pike and was originally part of the Crooks farm. The piece on the north side has been fenced in and used by plaintiff and his predecessors in title for at least forty-seven years, and the piece on the south side of the road has been fenced in and used by defendant and his predecessors

in title for an equally long time. Whether the use of each piece was permissive, under an agreement or understanding between the parties, or adverse was submitted to the jury and determined in plaintiff's favor.

At the trial it appeared that in 1894 plaintiff sold the coal underlying his farm, and in the deed therefor described the same by following old farm lines, by which he excluded the coal underlying the triangle lying on the north side of the pike, that being the land now in dispute, and included in his deed the triangular piece on the south side, which is the piece used by defendant. In 1898 defendant sold the coal underlying his farm and in his deed therefor followed old farm lines and excluded the triangular piece on the south side of the road and included the piece in dispute on the north side. Subsequently each party leased his farm for oil and gas purposes, and in describing the same followed old farm lines as they had done when making deeds for the coal.

Defendant's motion for judgment non obstante veredicto is based upon our refusal to charge the jury that plaintiff, by reason of the description contained in his deed for the coal, is estopped from maintaining this action. The verdict of the jury confirms plaintiff's title to the land in dispute by adverse possession, unless his deed for the coal operates to the contrary. In view of the verdict of the jury it seems to us plaintiff acquired title by adverse possession to the land in dispute long before he made the deed for the coal in 1894, and the fact that he omitted the triangular piece from the deed in no way affects his title to that land. If his title was good he could either sell the coal or retain it, and if he had no title to the other triangular piece and made a deed for it he is liable to the purchaser on his warranty. Under the circumstances of this case we do not think plaintiff is estopped by his deed for his coal from claiming the disputed land, especially as the evidence does not show that defendant was misled by the conveyance. The descriptions in the deeds of both plaintiff and defendant for the coal under-

lying their respective farms were copied by the conveyancers from old title papers, and in our opinion without intention upon the part of either party to assert title to the triangular piece in the possession of the other. The road was the recognized division line between the farms for at least forty-seven years, which fact gave each party a good title to the triangular piece of the other long before the sale of the coal, unless the use of the tracts was permissive, and that fact having been determined against defendant by the jury these motions for a new trial and judgment non obstante veredicto must be overruled.

And now, to wit, February 7, 1910, the motions for a new trial and judgment for defendant non obstante veredicto refused.

Defendant appealed.

*Error assigned* was in overruling motion for judgment non obstante veredicto.

*E. E. Fulmer,* for appellant.

*J. McF. Carpenter,* with him *Walter M. Lindsay,* for appellee.

PER CURIAM, January 3, 1911:

The judgment is affirmed on the opinion of the learned president judge of the common pleas.